Stern Thomasson LLP
2816 Morris Avenue, Suite 30
Union, NJ 07083-4870
(973) 379-7500
*On behalf of* Plaintiff, Kathleen M. Healey

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN M. HEALEY, Plaintiff, <br><br> vs. <br><br> CAVALRY SPV I, LLC and FULTON, FRIEDMAN & GULLACE, LLP, Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Kathleen M. Healey ("HEALEY"), individually and on behalf of all others similarly situated, by way of Complaint against Defendants, Cavalry SPV I, LLC ("Cavalry") and Fulton, Friedman & Gullace, LLP ("FF&G"), says:

### I.   NATURE OF THE ACTION

**1.**   This action stems from the Defendants' conduct when attempting to collect consumer debts in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*

### II.   PARTIES

**2.**   HEALEY is a natural person.

**3.**   At all times relevant to the factual allegations of this Complaint, HEALEY was a citizen of the State of New Jersey, residing in Middlesex County, New Jersey.

**4.**   At all times relevant to the factual allegations of this Complaint, CAVALRY is a for-profit Delaware limited liability company which is registered with the State of New Jersey to transact business in New Jersey as a foreign limited liability company and maintains its principal office at 500 Summit Lake Drive #400, Valhalla, NY 10595.

5.   At all times relevant to the factual allegations of this Complaint, FF&G was a for-profit limited liability partnership of the State of New York registered as a foreign corporation with the State of New Jersey with its principal business location in this State at 35 Journal Square, Suite 401, Jersey City, New Jersey 07306.

### III.   JURISDICTION AND VENUE

6.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

7.   Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to HEALEY's claims occurred within this federal judicial district, and because the Defendants regularly transact business within this federal judicial district and, therefore, reside in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV.   LEGAL BASIS FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS

The FDCPA "covers conduct taken in connection with the collection of any debt." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240 (3rd Cir. 2014) (internal quotation marks omitted). The Act "was passed to promote ethical business practices by debt collectors." *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002). The Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b). Thus, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, ***and*** to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted; emphasis added); 15 U.S.C. § 1692(e).

The Act is not concerned with whether the consumer owes the debt. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that *all* consumers, *even those who have mismanaged their financial affairs resulting in default on their debt*, deserve 'the right to be treated in a reasonable and civil manner.'"

*FTC, supra,* 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

"Congress also intended the FDCPA to be self-enforcing by private attorney generals [sic]." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008); and, see, *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055 (9th Cir. 2011). "Thus, the FDCPA enlists the efforts of sophisticated consumers … as private attorneys general to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jensen v. Pressler and Pressler, LLP*, ___ F.3d ___, (3rd Cir. June 30, 2015) (internal quotation marks omitted).

The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "**least sophisticated consumer**," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455. Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

The FDCPA creates no special exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys. *Heintz v. Jenkins*, 514 U.S. 291 (1995). For example, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005). Indeed, "[a]buses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir. 1989).

Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v.*

*Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Liability under the FDCPA is excused *only* when a debt collector establishes, as an affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any advisory opinion of the" Consumer Financial Protection Bureau, 16 U.S.C. § 1692k(e). Thus, common law privileges and immunities are not available to absolve a debt collector from liability under the FDCPA. See, *Heintz v. Jenkins*, 514 U.S. 21, (1995); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); and *Sayyed v. Wolpoff & Abramson*, 485 F. 3d 236, 232-233 (4th Cir. 2007).

A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973). Indeed, Congress, through "the FDCPA[,] permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra,* 516 F.3d at 96 (emphasis added).

## V.   FACTS

8.   CAVALRY is regularly engaged in the collection of debts.

9.   The principal purpose of CAVALRY is the collection of debts.

10. In attempting to collect debts, CAVALRY uses the mails, telephone, the internet and other instruments of interstate commerce.

11. FF&G is regularly engaged in the collection of debts.

12. The principal purpose of FF&G is the collection of debts.

13. In attempting to collect debts, FF&G uses the mails, telephone, the internet and other instruments of interstate commerce.

14. Defendants have asserted that HEALEY incurred or owed a

financial obligation ("Debt") to FIA Card Services, N.A./Bank of America on a credit card account.

15. Defendants contended that the Debt is in default.

16. The Debt arose from a transaction or transactions which were primarily for HEALEY's personal purposes to acquire goods or services for HEALEY or HEALEY's family or home.

17. The Debt was placed with, obtained by or assigned to the Defendants for the purpose of collecting or attempting to collect the Debt.

18. Each Defendant contends that the Debt is in default and was in default at the time it was placed with, obtained by or assigned to each of them.

19. In an attempt to collect the Debt, Defendants commenced an action ("Collection Action") by filing a written complaint ("Collection Complaint") in the Superior Court of New Jersey.

20. The Collection Action was titled *Cavalry SPV I, LLC assignee of FICard Services, N.A./Bank of America. vs. Kathleen M. Healey* and designated by Docket No. MID-L-004156-14.

21. The Collection Action was commenced on July 8, 2014.

22. Each Defendant contended that the Debt was in default before July 7, 2011. In particular, each Defendant contended that HEALEY's last payment on the underlying credit card account was on February 7, 2011 and, based on the requirement for monthly payments, the Debt was in default by July 7, 2011 which was five months after the alleged last payment.

23. Based on Defendants' contention as to when the Debt went into default, a cause of action based on the Debt arose against HEALEY before July 7, 2011.

24. At the time the cause of action arose, the Debt was subject to a written contract which included the selection of Delaware law.

25. New Jersey courts enforce parties' contractual choice-of-law selections except under circumstances not applicable the Debt or to the Collection Action.

26. When New Jersey courts apply the law of a foreign jurisdiction

pursuant to the parties' contractual choice-of-law selection, they only apply the foreign jurisdiction's substantive law and do not apply the foreign jurisdiction's procedural law.

27. When New Jersey courts apply the law of a foreign jurisdiction pursuant to the parties' contractual choice-of-law selection, they treat the foreign jurisdiction's statutes of limitation as substantive law regardless of how those statutes of limitation may be categorized by the foreign jurisdiction or in other contexts.

28. Pursuant to Delaware statutes, the limitations period applicable to the cause of action alleged in the Collection Complaint is three years and none of Delaware's tolling law applies to the Debt or the Collection Action.

29. Defendants commenced the Collection Action more than three years after the cause of action arose.

30. The claims alleged in the Collection Complaint were time-barred at the time the Defendants commenced the Collection Action.

31. HEALEY, an attorney at law of the State of New Jersey, attempted to resolve the Collection Action by representing herself but, subsequently, retained counsel to represent her.

32. Had Defendants not commenced the Collection Action, HEALEY would have not been subjected to the stress, anxiety and emotional distress as well as the time and expense involved in the attempt to defend herself. Furthermore, had Defendants not commenced the Collection Action, she would have not incurred the legal fees for an attorney to represent her.

33. As a direct, legal and proximate cause of Defendant's commencement and prosecution of the Collection Action, HEALEY incurred damages.

VI.   **FIRST CAUSE OF ACTION—THE FDCPA CLAIM.**

34. HEALEY realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

35. HEALEY is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

36. CAVALRY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**37**. FF&G is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**38**. The Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

**39**. Defendants' commencement of the Collection Action violated the FDCPA in one or more of the following ways:

**39.01.** Using false, deceptive, or misleading representations and/or means in connection with the collection of any debt which constitutes a violation of 15 U.S.C. §1692e including but not limited to:

(1) Falsely representing the character of the Debt in violation of 15 U.S.C. § 1692e(2)(A);

(2) Falsely representing the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A);

(3) Threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5); and

(4) Using a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

**39.02.** Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f including but not limited to collecting or attempting to collect an amount not permitted by law in violation of 15 U.S.C. § 1692f(1).

**40**. Based on any one of those violations, Defendants are jointly and severally liable to HEALEY for actual damages, attorney's fees and costs under 15 U.S.C. § 1692k.

**41**. Based on any one of those violations, CAVALRY is liable to HEALEY for statutory damages awardable under 15 U.S.C. § 1692k.

**42**. Based on any one of those violations, FF&G is liable to HEALEY for statutory damages awardable under 15 U.S.C. § 1692k.

VII.  SECOND CAUSE OF ACTION—THE CONSUMER FRAUD ACT.

43. HEALEY realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

44. HEALEY is a person within the meaning of N.J.S.A. 56:8-1(d).

45. CAVALRY is a person within the meaning of N.J.S.A. 56:8-1(d).

46. CAVALRY's attempt to collect the Debt by way of litigation constituted the act, use or employment of an unconscionable commercial practice, deception, fraud, false pretense and misrepresentation in connection with the subsequent performance of the sale or advertisement of merchandise.

47. The "subsequent performance of the sale or advertisement of merchandise" as used in the NJCFA and as alleged in the preceding paragraph has been interpreted by the courts of the State of New Jersey to include the collection activities of an assignee of consumer credit. See *Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 577 (2011).

48. Cavalry's commencement of a lawsuit on a time-barred claim was a collection activity of an assignee of consumer credit.

49. HEALEY has suffered an ascertainable loss of money as a result of Cavalry's conduct in violation of the NJCFA within the meaning of N.J.S.A. 56:8-19.

VIII. PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff, Kathleen M. Healey, respectfully requests that the Court enter judgment against Defendants, Cavalry SPV I, LLC and Fulton, Friedman & Gullace, LLP, as follows:

50.01.  Regarding the First Cause of Action:

(1)   An award of actual damages against Cavalry SPV I, LLC and Fulton, Friedman & Gullace, LLP, jointly and severally, pursuant to 15 U.S.C. § 1692k(a)(1);

(2)   An award of statutory damages against Cavalry SPV I, LLC pursuant to 15 U.S.C. § 1692k(a)(2);

(3)   An award of statutory damages against Fulton,

Friedman & Gullace, LLP pursuant to 15 U.S.C. § 1692k(a)(2); and

(4)    Attorney's fees, litigation expenses, and costs against Cavalry SPV I, LLC and Fulton, Friedman & Gullace, LLP, jointly and severally, pursuant to 15 U.S.C. § 1692k(a)(B)(3).

**50.02.** Regarding the Second Cause of Action:

(1)    An award against Cavalry SPV I, LLC of threefold the ascertainable loss sustained by HEALEY pursuant to the New Jersey Consumer Fraud Act;

(2)    An award of attorney's fees, litigation expenses, and costs against Cavalry SPV I, LLC pursuant to the New Jersey Consumer Fraud Act; and

(3)    For such other and further relief as may be just and proper.

### IX.   JURY DEMAND

**51.** Plaintiff, Andrew Healey, demands a trial by jury on all issues so triable.

### X.   CERTIFICATION PURSUANT TO LOCAL CIVIL RULE

**52.** Pursuant to L. Civ. R. 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

Stern Thomasson LLP
Representing Plaintiff, Andrew Healey

*s/Philip D. Stern*

Dated: July 4, 2015    Philip D. Stern

*s/Andrew T. Thomasson*

Dated: July 4, 2015    Andrew T. Thomasson